IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**Muhammed Gul,**                           )
    Detainee,                           )
                                            )
**Abdul Hadi,**                             )
    As the Next Friend of Muhammed Gul  )
                                            )    Civil Action No. 06-cv-01760
*Petitioners*,                              )
                                            )
    *v*.                                )
                                            )
                                            )
**GEORGE W. BUSH,** *et al.*,               )
                                            )
*Respondents*.                              )
_____)

# MOTION FOR THE IMMEDIATE
# ISSUANCE OF A WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2243
# OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE

    Petitioner Muhammed Gul (the "Detained Petitioner"), together with his respective Next Friend, Abdul Hadi, as co-Petitioner, by and through undersigned counsel, respectfully submit this motion requesting the Court to issue forthwith a writ of *habeas corpus* pursuant to 28 U.S.C. § 2243, returnable in three days, in order to proceed to a hearing on the merits of their jointly-filed Petition for Writ of Habeas Corpus. Alternatively, Mr. Gul seeks forthwith the issuance of an order to show cause why a writ of *habeas corpus* should not be granted, returnable in three days. The grounds for said motion are contained in the memorandum of points and authorities that accompanies this motion.

    Respectfully submitted,

    _____/s/ Jack Ratliff_____
    Jack Ratliff*

Scott Sullivan
Rapoport Center for Human Rights
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
Tel: 512 232 4857
Fax: 512 471 6988

Center for Constitutional Rights
Barbara J. Olshansky (NY-0057)
Tina Monshipour Foster
(Pursuant to LCvR 83.2(g))
Gitanjali S. Gutierrez
(Pursuant to LCvR 83.3(g))
666 Broadway, 7th Floor
New York, NY 10012
Tel: 212 614 6485
Fax: 212 614 6499

*Counsel for Petitioners*

\* Lead Counsel

## **CERTIFICATE OF SERVICE**

I, Jack Ratliff, certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons, by first-class United States mail, in addition to the service that automatically occurs by virtue of my electronic filing of this document:

>The Honorable Alberto Gonzales
>United States Attorney General
>United States Department of Justice
>950 Pennsylvania Avenue, N.W.
>Washington, D.C.  20530-0001
>
>The Honorable Kenneth L. Wainstein
>United States Attorney for the District of Columbia
>555 4th Street, N.W.
>Washington, D.C.  20530
>
>Terry Henry, Esq., Senior Trial Attorney
>Andrew I. Warden, Esq., Trial Attorney
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., NW, Room 7144
>Washington, DC 20530

This ___th day of February, 2007.

>___/s/ Jack Ratliff_____
>Jack Ratliff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**Muhammed Gul,**                           )  Civil Action No. 06-cv-01760
    **Detainee,**          )
                                            )  **MOTION FOR THE**
**Abdul Hadi,**                             )  **IMMEDIATE ISSUANCE OF A**
    **As the Next Friend of Muhammed Gul**  )  **WRIT OF** *HABEAS CORPUS*
                                            )  **PURSUANT TO 28 U.S.C. § 2243**
*Petitioners*,                              )  **OR, ALTERNATIVELY, TO**
                                            )  **ISSUE AN ORDER TO**
    *v.*                  )  **SHOW CAUSE**
                                            )
                                            )
**GEORGE W. BUSH**, *et al.*,               )
                                            )
*Respondents*.                              )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITIONERS' MOTION FOR THE IMMEDIATE
ISSUANCE OF A WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2243
OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE**

    Petitioners Mohammed Gul (the "Detained Petitioner"), with his respective Next Friend, Abdul Hadi, as co-Petitioner, by and through undersigned counsel, rely on the following points and authorities in support of their motion requesting this Court to issue forthwith a writ of habeas corpus, pursuant to 28 U.S.C. § 2243, returnable in three days, in order to proceed to a hearing on the merits of their Petition. Alternatively, the Petitioners seek forthwith the issuance of an order to show cause why a writ of habeas corpus should not be granted, returnable in three days. In support of their motion, the Petitioners state the following:

1.     The Detained Petitioner is a prisoner at Camp Delta, Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). On information and belief, he has been imprisoned by the United States for approximately three years. During that entire time, he has been held virtually *incommunicado*.

2.     On October 16, 2006, undersigned counsel filed a Petition for Writ of *Habeas Corpus* (the "Petition") on behalf the Petitioners. The Petition contests both the fact of the Detained Petitioners' incarceration as well as their inhumane treatment, which violates the Constitution and laws of the United States, the Uniform Code of Military Justice, specified treaties to which the

4

United States is a party, and various principles of international law, as set forth more fully in the Petition.

3. Pursuant to 28 U.S.C. § 2243, "a court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto."

4. Mr. Gul is entitled to challenge his incarceration in United States courts; the United States Supreme Court has so determined. The Court held that "§2241 confers on the District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at Guantanamo Bay, Naval Base." *Rasul v. Bush*, 542 U.S. 466, 484, (2004). Further, the Government has agreed that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal *habeas* review." *Hamdi v. Rumsfeld*, No. 03-6696, 542 U.S. 507, 124 S.Ct. 2633, 2644 (2004). Accordingly, the Petitioners respectfully suggest that this Court is required forthwith either to issue the writ or order the government to show cause why the writ should not be granted.

5. Pursuant to 28 U.S.C. § 2243, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *See Simspon v. Ortiz*, 995 F.2d 606, 609 (5th Cir.), *cert. denied*, 510 U.S. 983 (1993) (district court complied with the "forthwith" requirement when the show cause order was issued 21 days after the petition was filed and only eight days after the matter was referred to the magistrate judge).

6. The Petitioners request that the writ or, alternatively, the order to show cause be returnable within three days. The original petition was filed pursuant to Rule 4(i)(1)(A), on the same date that the Petition was physically filed, on October 16, 2006, more than twenty days ago. Thus, the Government has already had the twenty-day notice period contemplated under 28 U.S.C. § 2243.

7. Equally important is that the United States has imprisoned and interrogated Mr. Gul already, possibly for three years or more. On information and belief, the government has interrogated the Mr. Gul on numerous occasions and is well aware of the factual bases that allegedly support the continued imprisonment of Mr. Gul. The Government has openly acknowledged the Department

of Defense's attempts to hold so-called "military tribunal" hearings at which each Detained Petitioner's "enemy combatant" status and their detention generally, were reviewed. *See U.S. to Release 3 Guantánamo Detainees* (Reuters), Feb. 4, 2005 ("The status hearings before panels of three military officers were finished at Guantánamo before [Judge] Green ruled" on January 31, 2005; Pentagon Spokesman Lt. Cmdr. Daryl Borgquist is quoted as follows: "It's a matter of processing the paperwork now because the tribunals have all occurred.").

8. Because the Government has already evaluated the "enemy combatant" status of Mr. Gul and conducted levels of review that presumably included evidence sufficient to justify the Government's determinations, since they continue to be held, there is no basis for the Government to claim that it needs more time to comply with the Supreme Court's directive to allow the Mr. Gul to test the bases for his detention. Accordingly, there is no reason to delay issuance of the Writ or an Order to Show Cause or the Government's response to it.

9. Through its filings in other, parallel cases, it appears that the Government may be attempting to preempt this Court from hearing the *habeas corpus* petitions filed in cases involving Guantánamo Bay detainees. By implementing the truncated procedures apparently being used in the "military tribunal"-type hearings, and by presenting the arguments it has made in the other, parallel Guantánamo Bay cases in this Court, the Government seeks to perpetuate the existence of a prison beyond the reach of Article III courts, a position that the Supreme Court resoundingly rejected in ruling that United States courts have jurisdiction to hear challenges to the legality of the Detained Petitioners' detention. *See generally Rasul v. Bush*, 542 U.S. 466 (2004).

10. The facts in this case require that the matter be handled expeditiously. In one remarkable recent account, it was reported that of those currently held at Guantánamo Bay, the United States military's own "[c]ommanders now estimate that up to 40% of the 549 current detainees probably pose no threat and possess no significant information." *See* Wall Street Journal, January 26, 2005, at A1. Even more stunning, "Military officials at Guantánamo say they have specifically recommended the release of about 100 of those men. But after a year of delay, the Pentagon, which makes the final call, has yet to act." *Id.* This Court should not in good conscience allow this state of affairs to continue. As indicated above, the Detained Petitioners challenge their

6

            wrongful imprisonment, which Petitioners submit has been without basis, without charge, without access to counsel and without being afforded any fair process by which they might challenge their designation or detention. That imprisonment has now lasted approximately three years, and it appears quite possible that the majority of such time has been spent in an eight foot by six foot prison cell, for twenty-four hours a day.

12.    Petitioners also challenge the conditions of Mr. Gul's incarceration. Based on information obtained from former prisoners at Guantánamo Bay who have been released, there is a strong likelihood that Mr. Gul has been subjected to cruel and degrading treatment at the express direction of United States officials for the purpose of obtaining information and confessions, a practice that directly contravenes applicable domestic, military and international law. Recently, the United States military announced it needed to extend by four weeks its investigation into FBI allegations that prisoners were tortured at Guantánamo. That investigation was ordered after the public release of FBI documents describing prisoners shackled in a fetal position on the floor for up to 24 hours and left in their own urine and feces. *See Military Extends Guantánamo Abuse Probe* (Reuters), February 2, 2005. *See also id.* ("Several former prisoners have said they were beaten, threatened with dogs and subjected to freezing temperatures, and the International Committee of the Red Cross has said their treatment was 'tantamount to torture.'"); *Videos Show Guantánamo Prisoner Abuse* (AP), February 1, 2005 "Videotapes of riot squads subduing troublesome terror suspects at the U.S. prison camp at Guantánamo Bay show the guards punching some detainees, tying one to a gurney for questioning and forcing a dozen to strip from the waist down, according to a secret report").

13.    Press reports also reveal that the conditions at Guantánamo Bay, coupled with the prospect of indefinite detention, have resulted in numerous suicide attempts by the detainees. *See Guantánamo Suicide Attempts Rise to 31* (AP), August 20, 2003. On information and belief, the health and mental condition of Mr. Gul will be placed at risk if his incarceration is allowed to continue without review and remedial measures ordered by this Court. *See, e.g., Detainees Accuse Female Interrogators* (Washington Post), Feb. 10, 2005, at A1 (noting how female interrogators,

7

among other things, pretended to smear menstrual blood on Muslim men before they intended to pray).

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Petitioners respectfully request that this Court issue either a writ of *habeas corpus* or an order to show cause to the defendants, either of which should then be ordered returnable within three days of this Court's issuance.

Dated: March 6, 2007.

                                        Respectfully submitted,

                                             /s/ Jack Ratliff
Jack Ratliff*
Scott Sullivan
Rapoport Center for Human Rights
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
Tel: 512 232 4857
Fax: 512 471 6988

Center for Constitutional Rights
Barbara J. Olshansky (NY-0057)
Tina Monshipour Foster
(Pursuant to LCvR 83.2(g))
Gitanjali S. Gutierrez
(Pursuant to LCvR 83.3(g))
666 Broadway, 7th Floor
New York, NY 10012
Tel: 212 614 6485
Fax: 212 614 6499

*Counsel for Petitioners*

* Lead Counsel

**CERTIFICATE OF SERVICE**

    I, Jack Ratliff, certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons, by first-class United States mail, in addition to the service that automatically occurs by virtue of my electronic filing of this document:

> The Honorable Alberto Gonzales
> United States Attorney General
> United States Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C.  20530-0001
>
> The Honorable Kenneth L. Wainstein
> United States Attorney for the District of Columbia
> 555 4th Street, N.W.
> Washington, D.C.  20530
>
> Terry Henry, Esq., Senior Trial Attorney
> Andrew I. Warden, Esq., Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 7144
> Washington, DC 20530

This 6th day of March, 2007.

                                                                 /s/ Jack Ratliff
                                                                     Jack Ratliff