IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMMED GUL, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 06-CV-1760 (RMU) |
| GEORGE W. BUSH, President of the United States, et al., | ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' OPPOSITION TO REQUEST
FOR RULING ON MOTIONS FOR ENTRY OF AMENDED PROTECTIVE ORDER
AND FOR 30-DAYS' NOTICE OF TRANSFER**

Petitioners' recent Notice of Recent Activity in Guantanamo Cases and Request for a Ruling on Motion for Entry of Amended Protective Order and Motion for Order Requiring 30-Days' Notice of Removal from Guantanamo (dkt. no. 18) urges the Court to enter a protective order in this case, as well as to impose an order preventing respondents from relinquishing custody of petitioner absent 30-days' advance notice to petitioners' counsel. Respondents oppose petitioners' requests and state as follows:

1.  This Court has lacked jurisdiction over this case from the outset, because petitioner was transferred out of custody at Guantanamo before the filing of the petition. Based on the information contained in the petition for habeas corpus, respondents have identified petitioner as the detainee with Internment Serial Number (ISN) 457. This detainee was determined to be an enemy combatant.[1] He was transferred out of Guantanamo and repatriated to

---

[1] *See* See Decl. of Karen L. Hecker ¶¶ 2-3, attached as Exhibit A to Respondents' Opposition to Motion for the Immediate Issuance of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243 of, Alternatively, to Issue an Order to Show Cause (dkt. no. 9).

Afghanistan in April 2005, before the filing of this habeas corpus action. Respondents have advised petitioner's counsel of this fact and understand that petitioners intend to voluntarily dismiss this action.

2.  More generally, as explained in respondents' motion to dismiss (dkt. no. 12) and consistent with *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (June 29, 2007), this Court also lacks jurisdiction over actions such as this relating to the detention of aliens held as enemy combatants.

3.  In any event, because petitioner is no longer detained at Guantanamo and has not been in United States custody for over two years, entry of a protective order for purposes of counsel access to petitioner, *see* Petrs' Mot. at 3-5, and entry of an order requiring advance notice of transfer, make no sense and petitioners' requests for these orders should be denied.

For these reasons, petitioners' requests for entry of a protective order and an order requiring advance notice of transfer should be denied.

Dated: August 2, 2007                    Respectfully submitted,

                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              DOUGLAS N. LETTER
                                              Terrorism Litigation Counsel

  /s/ *Terry M. Henry*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
JEAN LIN
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8470

Attorneys for Respondents